**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

William J. Carey

   v.	Civil No. 05-cv-357-SM

Merrimack County Attorney, et al.

**REPORT AND RECOMMENDATION**

In this complaint filed pursuant to 42 U.S.C. § 1983, *pro se* plaintiff William J. Carey, an inmate at the Hillsborough County Department of Corrections ("HCDOC"), alleges that defendants have abridged his Fourteenth Amendment right to due process under the United States Constitution (document no. 1). Seeking monetary relief, he brings this action against the Merrimack County Attorney's Office ("MCAO") and Assistant County Attorneys David Rotman, George Stewart and Mark Seymour.

The complaint is before me for preliminary review to determine whether, among other things, it states a claim upon which relief may be granted. See 28 U.S.C. § 1915A; U.S. District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2). For the reasons stated below, I recommend that the complaint be dismissed.

**Standard of Review**

In reviewing a *pro se* complaint, this court must construe the pleading liberally and in favor of the *pro se* litigant. See Ayala Serrano v. Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976)). At this preliminary stage of review, all factual assertions made by the plaintiff and inferences reasonably drawn therefrom must be accepted as true. See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)(stating the "failure to state a claim" standard of review and explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true). This review ensures that *pro se* pleadings are given fair and meaningful consideration. See Eveland v. Director of CIA, 843 F.2d 46, 49 (1st Cir. 1988). I apply this standard in reviewing Carey's complaint.

**Background**

Crediting the factual allegations in the complaint as true, and construing all reasonable inferences from the pleadings in Carey's favor, the material facts are as follows. This action stems from alleged constitutional deprivations that occurred during Carey's state court criminal proceedings and pretrial

detention in 2003 and 2004.  He alleges that the MCAO and Assistant County Attorneys Rotman, Stewart and Seymour maliciously prosecuted him and charged him with stalking and attempting to stalk Kristi Eglody.  According to Carey, he was acquitted of the charges following two separate jury trials in 2003.  In 2004, however, he admittedly was found guilty of stalking Eglody.  Defendants allegedly fabricated charges against him and subjected him to three years of pretrial confinement and unreasonably high bail for his nonviolent misdemeanor charges.  In addition, defendant Rotman allegedly "fabricated a competency issue" with regard to Carey's competency to stand trial.  Carey now brings this action pursuant to Section 1983, alleging that defendants' acts and omissions rise to the level of constitutional deprivations.

## Discussion

I.   Section 1983 Claims

Section 1983 creates a cause of action against those who, acting under color of state law, violate federal law.  See 42 U.S.C. § 1983; Parratt v. Taylor, 451 U.S. 527, 535 (1981); Rodriguez-Cirilo v. Garcia, 115 F.3d 50, 52 (1st Cir. 1997).  In order to be held liable for a violation under Section 1983, a

defendant's conduct must have been a cause in fact of the alleged constitutional deprivation.  See Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978); Soto v. Flores, 103 F.3d 1056, 1061-62 (1st Cir. 1997).  The premise of Carey's Section 1983 action is that during the course of his state court criminal proceedings, defendants violated his Fourteenth Amendment right to due process by subjecting him to malicious prosecution, three years of pretrial confinement and unreasonably high bail.

   Prosecutors enjoy absolute immunity under Section 1983 for actions taken within the scope of their prosecutorial duties.  See Briscoe v. LaHue, 460 U.S. 325, 334 (1983); Kalina v. Fletcher, 522 U.S. 118, 123-29 (1997).  "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."  Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Burns v. Reed, 500 U.S. 478, 486 (1991).  For absolute immunity to apply, the challenged conduct must be "intimately associated with the judicial phase of the criminal process."  Imbler, 424 U.S. at 430.  Guzman-Rivera v. Rivera-Cruz, 55 F.3d 26, 29 (1st Cir. 1995).  The doctrine of prosecutorial immunity, however, is not so broad as to cover all actions of a prosecutor and will not shield a prosecutor when he engages in conduct that casts him in the role of administrator or

investigator, rather than as an advocate.  See Kalina, 522 U.S. at 125-26.  Nor will immunity extend to prosecutorial actions "deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification."  See Wayte v. United States, 470 U.S. 598, 608 (1985).

Here, the challenged conduct arises from Carey's state court criminal proceedings and appears to be intimately associated with those proceedings.  There is no indication that defendants acted in the capacity of administrators or investigators or participated in any stage of the criminal process prior to charges being filed against him.  And Carey has not alleged racial animus on the part of any defendant or any circumstances giving rise to a plausible inference of discriminatory intent based on race, religion or other arbitrary classification.  Accordingly, I conclude that defendants are entitled to absolute prosecutorial immunity based on their roles as prosecutors in the criminal proceedings against Carey and recommend that the individual capacity claims against them be dismissed.

II.  Official Capacity Claims

Carey brings official capacity claims against the MCAO and Assistant County Attorneys Rotman, Stewart and Seymour.  Municipalities and local government entities are "persons" within

the meaning of Section 1983.  See Monell, 436 U.S. at 690.  A municipal entity cannot be held liable under Section 1983 on a theory of *respondeat superior* or vicarious liability; rather the municipality itself must proximately cause the constitutional injury, through promulgation or tacit approval of a policy or custom.  See City of Canton v. Harris, 489 U.S. 378, 385 (1989). To state a viable Section 1983 claim, a plaintiff must allege in substance that the challenged municipal custom or policy was the "moving force" behind the constitutional violations.  See Board of the County Comm'rs v. Brown, 520 U.S. 397, 404 (1997); McCabe v. Life-Line Ambulance Serv., 77 F.3d 540, 544 (1st Cir. 1996) (citations omitted).

    To the extent Carey intends to pursue claims against the MCAO, he must, at a minimum, allege that his constitutional deprivations were the product of a municipal custom or policy. Liberally construing the complaint, no wrongful conduct is ascribed to the MCAO or alleged to be the product of an unconstitutional municipal custom or policy.  Nor is there any indication that the county or the mCAO was the "moving force" behind the acts or omissions allegedly taken by the defendants. Accordingly, I conclude that the complaint fails to state a

viable claim premised upon municipal liability against the MCAO.

The complaint names Rotman, Stewart and Seymour in their official capacities as attorneys employed by the MCAO.  Official capacity suits against officers of an agency are simply "another way of pleading an action against an entity of which an officer is an agent."  Monell, 436 U.S. at 690 n.55.  See also Brandon v. Holt, 469 U.S. 464, 471 (1985)(suits against parties in their official capacities treated as suits against the municipality).  Because I find no municipal liability as to the MCAO, I extend that reasoning to defendants Rotman, Stewart and Seymour and conclude that the official capacity claims against them fail.

### Conclusion

For the reasons stated above, I recommend that the complaint (document no. 1) be dismissed.

If this recommendation is approved, the claims as identified in this report and recommendation, will be considered for all purposes to be the claims raised in the complaint.  If the plaintiff disagrees with the identification of the claims herein, plaintiff must do so by filing an objection within ten (10) days of receipt of this report and recommendation, or by properly moving to amend the complaint.

Any further objections to this report and recommendation must be filed within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order.  See 28 U.S.C. § 636(b)(1); Unauthorized Practice of Law Committee v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date: January 27, 2006

cc:   William J. Carey, *pro se*